**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOHN T. MOSS,                                                                                  PLAINTIFF
ADC #79311

v.                                              2:15CV00074-JM-JTK

ROY GRIFFEN et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection. If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection. An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff John Moss is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. He asks for monetary and injunctive relief from Defendants Dr. Brett Butler and Nurse Yolanda Key.  Defendant Griffen was dismissed on August 10, 2015 (Doc. No. 41).

This matter is before the Court on the Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 56-58).  Plaintiff responded to the Motion, claiming he was denied access to review his medical records (Doc. No. 60), and Defendants replied (Doc. No. 62).  By Order dated March 8, 2016, this Court delayed ruling on the Motion, and directed that Plaintiff be provided additional time in which to review his medical records, and that Plaintiff file his Response by April 25, 2016 (Doc. No. 63).  On April 29, 2016, the Court denied Plaintiff's Motion for Contempt, and directed him to respond to the Motion within fifteen days of the date of the Order (Doc. No. 69).  Plaintiff filed a Response to the Summary Judgment Motion (Doc. No.

2

74), Defendants filed a Reply  and Supplement (Doc. No. 75, 77), and Plaintiff filed a Return to

Reply and a Response to the Supplement (Doc. Nos. 76, 78).

## II.     Complaint

In his Complaint, Plaintiff alleged that Defendants failed to provide him needed surgery for

a hernia (Doc. No. 2, p. 11).  He alleged that Defendant Butler never examined him and merely

ordered a hernia belt for Plaintiff which he could not wear because of the pain he suffered. (Id.)

Defendant Key "contradicted" herself when responding to Plaintiff's grievance, and stated that

Plaintiff should file additional sick call requests for further treatment. (Id.) He alleged that

Defendants knew he was in pain and knew that a hernia does not heal on its own. (Id.)  Finally, he

stated that their deliberate indifference caused him pain and suffering.  (Id.)

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the  initial  burden  of  identifying  'those  portions  of  the  pleadings,  depositions,  answers  to

interrogatories,  and  admissions  on  file,  together  with  the  affidavits,  if  any,  which  it  believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.     Defendants' Motion

Defendants state that Plaintiff fails to provide evidence to support his claim that they acted with deliberate indifference to his serious medical needs.  In support, they provide copies of Plaintiff's medical records, together with an affidavit from Dr. Jeffrey Stieve, Regional Medical Director for Correct Care Solutions, LLC, the medical care provider for the ADC (Doc. Nos. 58-1, 58-4).

According to Plaintiff's medical records, he was first diagnosed with an inguinal hernia by Dr. Obi (a non-party) on February 14, 2014, when he was examined for complaints of a rash and swelling in his right groin (Doc. No. 58-1, p. 1). In June, 2014, Plaintiff was examined at the Arkansas Heart Hospital Clinic for a check-up due to various heart issues (Id., pp. 2-4).  He complained about painful swelling in the right side of his groin area on July 6, 2014, and was examined the next day by a nurse, who noted that an ultrasound completed on April 16, 2014 ruled out a hernia.  (Id., p. 6) The nurse referred Plaintiff to a provider for treatment and advised him to return to the infirmary if his symptoms increased.  (Id.)  An Advance Practice Nurse (APN), Aric Simmons (non-party), examined Plaintiff on July 8, 2014, noting a tender palpable fist-sized mass which was negative on the ultrasound. (Id., p. 7) He then ordered a consult for a CT scan of Plaintiff's abdomen and pelvis.  (Id., pp. 7-8)

Plaintiff filed a sick call form on July 24, 2014, complaining of increasing pain and swelling. (Id., p. 9)  Lab tests were conducted on July 22, 2014, and Plaintiff was seen by a nurse for groin pain on July 27, 2014.  (Id., p. 10)  Plaintiff filed another sick call request on August 1, 2014, and

was seen by Dr. Campbell (non-party) on August 6, 2014. (Id., pp. 11-12)  At that time, the doctor noted a palpable mass to the right inguinal area, and that a pelvic CT scan was pending.  (Id., p. 12)  She prescribed Plaintiff Tramadal for pain. (Id.)  A CT scan was conducted on August 27, 2014, at the Forrest City Medical Center, which revealed numerous medical conditions, including a small right inguinal hernia. (Id., pp. 14-15)  Upon his return to the Unit following the test, Plaintiff indicated no complaints or pain at that time.  (Id., p. 16)

Defendant Dr. Butler first saw Plaintiff on September 23, 2014, noting a right inguinal hernia, pseudocyst of the pancreas, contusion on his right shoulder and redness and swelling of the third digit of Plaintiff's left hand. (Id., p. 17)  He ordered an x-ray of Plaintiff's hand, continued the pain medication, and ordered an abdominal truss for support.  (Id.)  The hernia belt was provided to Plaintiff on September 26, 2014.  (Id., pp. 17, 22)

Plaintiff was then hospitalized at the University of Arkansas for Medical Sciences (UAMS) hospital from October 24, 2014, to October 28, 2014, for exacerbation of congestive heart failure. (Id., pp. 23-31)  He also was hospitalized at UAMS from December 4, 2014, until December 9, 2014, for gastrointestinal bleeding and congestive heart failure.  (Id., pp. 35-47)  During that time, he underwent an EGD which showed three small columns of esophageal varices, and a colonoscopy, which produced a normal result.  (Id., p. 35)  Plaintiff was seen at the Arkansas Heart Hospital Clinic on December 12, 2014 for a followup.  (Id., pp. 49-54)

Plaintiff's medications were renewed on January 13, 2015 (Id., pp. 57-59).  Plaintiff was hospitalized on February 21, 2015 at Forrest City Medical Center for a suspected gastrointestinal bleed, and was transferred to St. Vincent's Infirmary Medical Center in Little Rock (Id., pp. 63-72). He again was hospitalized at Forrest City Medical Center on July 29, 2015, and assessed as having

anemia of chronic disease, congestive heart failure, a right inguinal hernia, hyponatremia (low blood sodium) and chronic renal failure. (Doc. No. 58-2, pp. 3-12) He was transferred to the Ouachita River Correctional Unit Hospital on August 18, 2015, where he was treated by Dr. Gregory McKinney (non-party), who noted a fairly large inguinal hernia that was reducible. (Id., pp. 21-26, 29)

Plaintiff saw a nurse on September 15, 2015, who noted that his large right inguinal hernia caused difficulty walking and uncontrolled pain. (Id., p. 41) Dr. Butler examined him on September 16, 2015, and submitted a consultation request that Plaintiff be examined by a general surgeon for possible repair of his hernia. (Id., pp. 42-43) Following an examination by a UAMS cardiologist on October 8, 2015, Plaintiff underwent surgery on October 23, 2015 for repair of his right inguinal hernia by Dr. J. K. Buchman (non-party) (Id., pp. 45-46, 52-58).

Dr. Stieve states in his affidavit that Plaintiff suffers from the following medical conditions: hepatitis C, atrial fibrillation, diabetes mellitus, hypertension, syncope, coronary artery disease, post coronary artery bypass graft, palpitations with atrial fibrillation and flutter, heart valve replacement, cardiomyopathy and congestive heart failure, and hyperthyroidism. (Doc. No. 58-4, p. 4) In his opinion, these various conditions dictated conservative care and medical monitoring of Plaintiff's conditions, together with a concern that the congestive heart failure could impact his ability to recover from anesthesia. (Id.) Dr. Stieve also noted that from the time of diagnosis of the hernia on February 14, 2014, until his surgery on October 22, 2015, he was provided access to a wheelchair, was treated with pain medications, and was permitted to lie in bed whenever needed. (Id.) Based on a review of the medical records, Dr. Stieve concluded that the medical care provided to Plaintiff was appropriate. (Id.)

6

Based on the medical records and Dr. Stieve's affidavit, Defendants state Plaintiff cannot show that they acted with deliberate indifference in treating his hernia condition, and that his complaints are based on disagreements over the type of treatment he received, which does not support a constitutional claim. In addition, his complaints about Defendant Key's responses to his grievances do not state a constitutional claim for relief.

### B.      Plaintiff's Response

Plaintiff states that although Dr. Stieve refers to his numerous medical conditions as reasons for delaying hernia surgery, Defendants cannot point to any medical record which stated that those conditions caused a concern about the appropriateness of surgery (and the use of anesthesia) for his hernia. In addition, he notes that his medical records show that he repeatedly complained about his hernia pain from the time of diagnosis until his surgery, and that Butler knew of his pain. Plaintiff also contends that the failure to provide surgery was the cause of the sepsis he suffered in August, 2015, and points to medical records from his hospitalization which connect the hernia to abdominal pain and resulting complications. He complains that Defendant Butler did not examine him for eleven months, and ignored the August, 2015 reports from the Forrest City Medical Center doctors which connected the hernia to his abdominal pain and sepsis. He also complains that Defendant Key submitted false information when responding to his grievance, because although he was taking Tramadal, it was not initially prescribed for his hernia condition. In addition, he claims she lied when she stated that he <u>would</u> not wear the hernia belt, when in actuality, he <u>could</u> not wear it.

### C.      Eighth Amendment

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. <u>Farmer v. Brennan</u>, 511 U.S.

825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not

constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere

disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate

of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d

500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is

insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians

are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when,

in the exercise of their professional judgment, they refuse to implement a prisoner's requested course

of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).   In addition, an inmate who

complains that a delay in medical treatment constitutes a constitutional violation must provide

"verifying medical evidence" in the record to establish the detrimental effect of the delay, in order

to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part

on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided

and physician affidavits indicating that the care provided was adequate, an inmate cannot create a

question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany,

supra, 132 F.3d at 1240.

    **D.**    **Analysis**

    1)    Defendant Key

Initially, the Court agrees with Defendant Key that Plaintiff's allegations against her fail to

state a claim for constitutional relief.  Defendant Key responded to Plaintiff's January 15, 2015

grievance in which he complained about his hernia pain, stating that Plaintiff should use the sick call

8

process for re-evaluation of his hernia. (Doc. No. 2, pp. 13-16)  Plaintiff complains about this response, stating that it caused a delay in his medical care.  He also stated in his deposition that on one occasion she stated that he would not wear the hernia belt, when in fact he told her he <u>could</u> not wear it. (Doc. No. 58-5, p. 17) The Court finds that these allegations do not support a claim of deliberate indifference against Defendant Key.  Plaintiff does not deny that he was provided the hernia belt or the Tramadal for pain.  In addition, a "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (quoting <u>Azeez v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." <u>Edgar v. Crawford</u>, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).  Therefore, the Court finds as a matter of law that Plaintiff's claim against Defendant Key should be dismissed.

### 2) Defendant Butler

Plaintiff was seen by Defendant Butler on two occasions, September 23, 2014, and September 16, 2015.  On the first visit, Butler prescribed the abdominal truss and pain medication, and treated Plaintiff for other medical issues.  And, after the second visit, Dr. Butler completed a consult request for surgery, which Plaintiff received a little over a month later.  Between those two dates, Plaintiff was hospitalized on several occasions for other medical issues, mostly involving congestive heart failure.  The Court recognizes that some notations from his August, 2015 stay at the Forrest City Medical Center link his hernia to some of his medical issues.  On August 1, 2015,

9

a provider (Orji Christian U)at the Forrest City Medical Center wrote that Plaintiff had a "right-sided inguinal hernia which appears more direct and indirect noted.  This appears irreducible, with bulging scrotum." (Doc. No. 77-1, p. 6) The provider also wrote, "I think patient is problem is more connected to the inguinal hernia," and "I will get a surgical consult for review of possible incarcerated right inguinal hernia."  (<u>Id</u>., p. 7) The next day, however, Dr. Iskander wrote that Plaintiff has had a right inguinal hernia for two years and "is not a candidate for surgery."  (<u>Id</u>., p. 8) This was noted on August 2, 2016 by provider Orji, who wrote that Plaintiff's sepsis "most likely is related to the abdominal problem.  Resolving though....I think pt.s symptoms are connected to the R. Inguinal hernia.  I think patient may be having some ... herniation, w/complicated strangulations/incarceration.  This, in my opinion, it is likely triggering the abdominal pain.  Will discuss w/surg."  (<u>Id</u>., p. 9)

These documents show a disagreement among the providers at Forrest City over the cause of some of Plaintiff's medical issues.  Following Plaintiff's hospitalization there, he was sent to UAMS, and then to the Ouachita River Correctional Unit Hospital.  (Doc. No. 58-2, p. 13) Plaintiff was treated there by several medical providers (and not Defendant Butler), who appeared concerned with his heart issues.  (<u>Id</u>., pp. 15-40) There is no evidence that Dr. Butler treated him during that time or was notified of his situation.  At some point, however, Plaintiff was transferred from Ouachita to the East Arkansas Regional Unit, because on September 15, 2015, a nurse noted that Plaintiff would be seen the next day by Dr. Butler regarding his return from the hospital and his hernia. (Doc. No. 58-2, p. 41) After Plaintiff's examination by Butler, Butler immediately completed a consult request for possible hernia surgery, which was performed on October 22, 2015 (<u>Id</u>., pp. 43, 52-58) Plaintiff provides no evidence that Dr. Butler was solely responsible for his medical care and

medically-related decisions from September 23, 2014, and the date of his surgery, or that he acted with deliberate indifference by not arranging for surgery until the September, 2015 visit.  Plaintiff was seen by numerous medical professionals during that time period, and at no time prior to the August, 2015 hospitalization, did any medical professional find that his hernia condition necessitated surgery.  Therefore, the Court finds that Plaintiff's complaints with Dr. Butler amount to a disagreement over the type of treatment he provided, which does not support a constitutional claim.  See Long v. Nix, 86 F.3d at 765; Smith v. Marcantonio, 910 F.2d at 502.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)      Defendants' Motion for Summary Judgment (Doc. No. 56) be GRANTED.

2)      Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 9th day of June, 2016.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE